IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA J. GOODALE  And <br> HOWARD C. MCCLELLAN <br> individually ) <br> and on behalf of all persons ) <br> similarly situated as ) <br> members of the Collective as permitted ) <br> under the Fair Labor Standards Act ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> GEORGE S. MAY INTERNATIONAL ) <br> COMPANY., and ) <br> J. DOE(S) ONE, TWO, THREE, FOUR ) <br> the unknown decision maker(s) ) <br> Whose decisions caused the violations of ) <br> The FLSA, individually ) <br> Defendants. ) | Case 09 CV 7848NO <br><br> Honorable Judge **Judge Kennelly** <br><br> Magistrate Keys <br><br> **JURY TRIAL DEMANDED** <br><br> **ON ALL COUNTS** |

**PLAINTIFFS' ATTORNEY FEE PETITION**

NOW COMES, LISA J. GOODALE, HOWARD C. MCCLELLAN and TERESA LORELLO Plaintiffs, by and through their attorney John C. Ireland and submits a request for payment of their attorney fees and in further information states as follows:

**Statement of Facts Leading to Judgment for the Plaintiffs and Related Fee Petition**

This Cause was filed against Defendants on December 18, 2009 by Lisa Goodale represented by the Law Office of John C. Ireland. (See Docket Document #1). In this Complaint, Plaintiff alleged claims under Fair Labor Standards Act (FLSA) and Illinois wage laws and common law claims against the Corporate Defendant George S. May International (May) and unknown individual Defendants and was filed as a Collective Action under FLSA.

Shortly after filing the action the Plaintiff's counsel was approached by Howard C. McClelland, a former employee of the Corporate Defendant George May, asking to join this

1

action. Mr. McClelland retained the legal services of John C. Ireland to pursue a claim nearly duplicative of Plaintiff Goodale. On or around January 11, 2010 Plaintiff Goodale Motioned the Court to Amend the Complaint to add Plaintiff McClelland as a Plaintiff. The Court granted that request. (Docket Document #11). An initial status was held and a schedule entered. (Docket Document #18).

Shortly after, a Default Judgment was entered against Defendants and Defendant Motioned the Default to be Vacated which was granted by the Court. (Docket Documents # 19, 22).

Approximately March 16, 2010 Plaintiff Counsel was again contacted and retained by a former employee of Defendant May Teresa Lorello. A signed FLSA consent of Ms. Lorello was provided to Defendant counsel and Defendant counsel agreed to not oppose a Plaintiffs' Motion to Amend to add Ms. Lorello as a Plaintiff to the cause. This Motion was initial drafted, but never filed, due the offer and settlement of the case. However, Defendant offers of Judgment included an offer to Ms. Lorello.

On March 23, 2010 the Defendants Motioned the Court to enforce an arbitration agreement, and/or to dismiss and/or Stay the cause. (Docket Document # 23). A briefing schedule was entered.

On or around March 25, 2010 an Offer of Judgment under Rule 68 to the Plaintiff's was presented and on April 2, 2010 the offer was accepted by the Plaintiffs'. (See Docket Document #s 26 and 27). Based on this Offer of Judgment and Acceptance under Federal Rules of Civil Procedure Rule 68 the Court entered Judgment for the Plaintiffs. On April 7, 2010 Judgment was entered by this court for the Plaintiffs and against the Defendant George S. May. (See Docket Document # 29).

The Judgment Order and the Offer by Defendant May allowed for an Attorney Fee Petition. Herein is the Plaintiffs' Attorney Fee Petition:

### **PLAINTIFFS' ATTORNEY FEE PETITION**

Plaintiffs' request an award of their attorney fees. An award of attorney's fees in the following amount is fair, just and equitable to compensate Counsel for his professional services, effort, expertise and contributions to the litigation of this matter.

## OVERVIEW OF THE APPLICABLE LEGAL PRINCIPLES

In general, the amount of a reasonable attorney's fee is calculated by multiplying the number of hours reasonably expended by the attorney's hourly rate (the "lodestar" method). Once this amount is calculated, a court may adjust the amount upward or downward to take into account various factors regarding the litigation. **Dunning, v. Simmons Airlines, Inc**., 62 F.3d 863, 872 (7th Cir. 1995).

Determination of reasonable fees is determined by a number of factors which include: the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal services properly; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the undesirability of the case; the nature and length of the professional relationship with the client; and awards in similar cases. **Spellan v. Bd. of Educ. for Dist**. 11 1, 59 F.3d 642, 645 (7th Cir. 1995). See also **Hensley**, 461 U.S. at 430 n.3.

Where a plaintiff has obtained excellent results, the plaintiffs attorney should receive a fully compensatory fee for "all hours reasonably expended on the litigation." **Id**. at 435. The "fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit . . . the result is what matters." **Id.** Under **Hensley**, "a losing argument in support of a successful claim is fully compensable time," **Kurowski v. Kraiewski**, 848 F.2d 767, 776 (7th Cir.1988), and the only question is "whether [an attorney's] actions were reasonable." **People Who Care v. Rockford Bd. of Educ**., 90 F.3d 1307, 13 14 (7th Cir. 1996).

A fee request should not be "eyeballed" and cut down by an arbitrary percentage based on a general impression that it may be excessive. **Small v. Richard Wolf Medical Instruments**, 264 F.3d702,708 (7th Cir. 2001). Rather, there must be a specific and clear basis for any reduction to hours on the basis that they are excessive, redundant or unnecessary. **Id**.

Fees are calculated based upon market rates for the services rendered. **Blum v. Stepson**, 465U.S. 886,895 (1 984); **Small v. Richard Wolf Medical Instruments, Corp**., 264 F.3d 702,707 (7th Cir.2001). The reasonable hourly rate (or "market rate") for lodestar purposes is the rate that lawyers of similar ability and experience normally charge their paying clients for the type of work in question. **Harper v. City of Chicago Heists**, 223 F.3d 593,604 (7th Cir. 2000); **Small,** 264 F.3d at707. An attorney's billing rate for compensable work is significant evidence of

3

market rate. **Moriaritv v. SVEC**, 233 F.3d 955,965-66 (7" Cir. 2000)("lawyer's regular rate is strongly presumed to be the market rate for his or her services").

Other evidence bearing on an attorney's reasonable hourly rate includes evidence of rates received in other contingent or fee-shifting cases and evidence regarding the rates of similarly experienced attorneys in their community. **Id** While an attorney's affidavit alone will not establish the market rate for that attorney's services, such affidavit in conjunction with other evidence of the rates charged by comparable lawyers is sufficient to satisfy the plaintiffs burden. **Harper**, 223 F.3d at 604.

Once a fee applicant comes forward with evidence establishing his rate, the burden shifts to the defendant to demonstrate why a lower rate should be awarded. **Batt v. Micro Warehouse**, 241F.3d 891, 894 (7th Cir. 1994). To meet this burden, a defendant must come forward with evidence establishing "a good reason why a lower rate is essential." **People Who Care**, 90 F.3d at 1313.

The court has discretion in determining the appropriate amount of an attorney's fee award. **Hensley v. Eckerhart**, 461 U.S. 424, 437 (1983). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." **Hensley,** 461 U.S. at 433.

### DETERMINATION OF THE HOURLY RATE AND HOURS
### RATE

John C. Ireland, Plaintiffs' counsel, a solo-practitioner and sole employee of the Law Office of John C. Ireland seeks compensation for his time, effort and expertise and asks the Court for a fee rate in the amount of three hundred dollars per hour ($300.00). Plaintiffs Counsel initially supports this request via his own supporting affidavit. (See Plaintiffs' Counsel Affidavit Attached as Exhibit One ¶ 3). Plaintiffs counsel also provides additional support in the form of affidavits of other practioners, cites to the public record and paid fees by clients.

### Rate Considerations

Plaintiff counsel seeks a rate of three hundred dollars per hour based on the considerations of this case. These rate considerations include factors such as: the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal

4

services properly; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the undesirability of the case; the nature and length of the professional relationship with the client; and awards in similar cases. **Spellan v. Bd. of Educ. for Dist**. 11 1, 59 F.3d 642, 645 (7th Cir. 1995). See also **Hensley**, 461 U.S. at 430 n.3. [T]he district court has the flexibility to "adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Id*. At 856-57. "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." **Connolly v. Nat'l Sch. Bus. Serv**.*, **Inc.**,* 177 F.3d 593, 597 (7th Cir. 1999) *(*quoting **Bankston v. Illinois**, 60 F.3d 1249, 1256 (7th Cir. 1995)).

Appling these factors to this case:

Time and Labor Required: This case, while settling early, did involve a disproportionate amount of time: in three months there were four court appearances. Further, the representation involved three clients all of whom are not residents of Illinois (Florida and Texas). One client was (is) a current employee, had a medical leave, a return to work for Defendant and was very active in her communications. (See below and Counsel Affidavit ¶ 14)

Novelty and difficulty of questions: there was considerable difficulty due to Defendant May's strange and complex pay system and its interaction with FLSA law and DOL regulations which required more than normal pre-pleading, review and research and particular pleadings. Further, complicating this case was the Defendant's arbitration clause which required considerable pre-pleading, review and research and particular pleadings. Further representation began with only one client and increased two-fold. This expenditure is is continuing forward as Plaintiffs still have not received their settlement compensation. (Id).

Skill of counsel: This cause required substantial knowledge and skill, as wage claims and FLSA misclassification cases is a sub-specialty of employment attorneys. Many Plaintiff employment attorneys refer such cases to qualified specialized counsel such Plaintiffs' counsel.

Preclusion from other employment: this case impacted Plaintiffs' counsel in consideration of taking of other cases, and delay in other cases as it appeared to require disproportionate time.

<u>Contingent or fee based</u>: this, like most Plaintiffs' counsel work, is/was contingent.

<u>Amounts involved and obtained</u>: the obtained relief was (likely) 100% of owed wages under FLSA. Plaintiff might have recovered additional based on a breach of contract claim but that was more complex and speculative; thus the offer of judgment was recommended based on the best interests to the clients. Also, the amount of difference between the damage award, which was substantial and the legal fees requested are not unreasonable, especially when one examines the public purpose of the litigation. See, **Farrar v. Hobby**, 506 U.S. 103, 113 S. Ct. 566 (1992).

<u>The experience, reputation, and ability of the attorneys</u>: See Plaintiffs' Counsel Affidavit and supporting affidavits

<u>Undesirability of the case</u>: this case which would likely have been refused, referred or rejected by the vast majority of Illinois Attorneys due to the difficulties such as distance from clients, complexity of a FLSA misclassification claim and the arbitration clause.

<u>Nature and length of the professional relationship with the client</u>; The length of representation was not long, but is ongoing and one client is active in her communications.

<u>Awards in similar cases</u>: see below

<u>Customary fee and Time limitations</u>: none.

Based on these factors and the requirement that the petition be reasonable and fair, the rate sought is comparable to that sought had by other counsel. Based on these factors the Plaintiffs' Counsel seeks compensation at the rate of three hundred dollars per hour ($300.00).

## **COMPARIABLES**

The Plaintiffs' Counsel, herein, is submitting his first federal attorney fee petition. While new to a Fee Petition, Plaintiffs' counsel has practiced in federal and state court since November of 2004 and worked as an Associate Attorney and Law Clerk for approximately 2 years prior to admission. (Counsel worked as an Associate Attorney for approximately 6 months while awaiting results of the Illinois Bar Exam).

Based on this absence of prior comparable work by the same counsel, the Plaintiffs' Counsel will present several indications that support the requested rate of $300.00.

### Other attorney support

Plaintiffs' counsel provides two affidavits in support of his fee rate of $300.00. Attorneys Jessica Hill and Elissa J. Hobfoll testify that said rate is reasonable.

The affidavits of Jessica Hill, (Exhibit Two) and Elissa J. Hobfoll (Exhibit Three) detail the prevailing market rate in the community for comparable attorney billing for Plaintiffs' counsel. The hourly rate being requested by Plaintiff counsel is squarely within the parameters for billing in the Chicago metropolitan legal market. See, eg, **Flaherty v. Marchand, et al.,** 284 F. Supp. 2nd 156, 165 (N.D. Ill. 2003) (: "....there must be adequate rewards for the risk of assuming these difficult, time consuming and potentially fee-empty cases.

Setting the hourly rate at $300.00 an hour also recognizes the other financial reality: while defendant has been, we assume, promptly paying the legal fees of its attorneys, the plaintiffs' attorneys have been required to maintain financially solvent law firms with no income arriving monthly on this case. There is always a time value to money and usually in these cases, the defendant's attorneys get the better deal: the attorneys have no financial risk, significant financial reward and are assured of an on-going stream of income and payment no matter what the outcome or result they do or do not obtain for their client.

### Public Record

Plaintiff Counsel cites to the public record in support of a rate of $300.00 per hour. In a comparable case, involving a FLSA wage claim resulting in a Default Judgment against the Defendant in **Jose Escobedo v. I & A Landscaping services et al**., 08 CV 02287 (3/25/2009) (Order of The Honorable Judge John W. Darrah, Attached as Exhibit Four). awarded fees to Attorney J. Bryan Wood at a rate of $300.00 per hour for 10 years of legal experience for Mr. Wood and $125.00 for a paralegal with 9 years experience. While Mr. Wood has approximately four (4) years more experience than Plaintiff counsel in this case, the Mr. Wood's case was not contested, thus the current issue is more complex and resulted in greater compensation for Plaintiffs. Additionally Mr. Wood represented a single former employee, not three employees. Finally Mr. Wood's cause did not involve an arbitration agreement and was not potentially a nation-wide claim.

The next best evidence of an attorney's market rate includes evidence of the rates that similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases. **Spegon,** 175 F.3d at 555.

### PRIOR CERTIFIED WORK RATE

Also supporting the Plaintiffs' counsel request for a rate of $300.00 per hour, is a prior certified rate of $200.00 per hour. Plaintiffs' Counsel has had one prior Attorney Fee Petition granted at a rate of two hundred dollars ($200.00) per hour, however, that case was an un-opposed Default Judgment hearing.

Plaintiff counsel represented the Plaintiff in the Default Judgment case before the Illinois Human Rights Commission (IHRC) entitled **Mary Sasicki v. Congress Restaurant**, ALS No. 07-812 (March 30, 2009). (Copy of Recommended Order and Decision attached as Exhibit Five; Hereinafter described as **Sasicki v. Congress**).

This matter was a Default Judgment for a Claim of Discrimination based on age and disability. The Respondent never appeared and thus Judgment was entered against Respondent prior to counsel being retained. The Court allowed a damages hearing and Plaintiff counsel represented Complainant in this hearing and related representation.

The Court entered an Order finding the Requested Fee rate of $200.00 to be reasonable on a Default Judgment representation.

Plaintiff counsel presents this Rate as a baseline comparison, if a Default, (no opposition case) warrants a rate of $200.00 per hour, Plaintiff counsel believes that a complex, multiple Plaintiff/Defendant federal litigation with serious potential for dismissal based on an arbitration clause and representation of multiple out-of-state clients, would entail a substantially higher rate than $200.00 per hour.

While an attorney's affidavit alone will not establish the market rate for that attorney's services, such affidavit in conjunction with other evidence of the rates charged by comparable lawyers is sufficient to satisfy the plaintiffs burden. **Harper**, 223 F.3d at 604. Here Plaintiff counsel believes that another court's finding of a rate of $200.00 per hour is reasonable for an un-opposed issue, supports a rate of pay far greater for a opposed litigation.

8

**CLIENT CHARGED FEES**

Counsel also supports this petition based on Counsel's charging of clients at a rate of between $350-$100 per hour. Counsel has charged a rate of $350.00 per hour to self-paying clients and on occasion, if a person is of limited means, counsel has charged $100 dollars per hour and/or a fixed-fee. Plaintiff counsel partly offers a reduced rate billing as a public service, thus does not believe said fees rates should be held against him. Attached are redacted invoices for some of these paid for services. (Redacted Invoices attached as Exhibit Six)

Plaintiffs' counsel *rarely* is retained by paying clients, 98% of Plaintiffs' counsel time and efforts are on contingent matters. However, in 2007 Plaintiff was retained by two paying clients, client "Randy" and client "Denise" were both charged at a rate of $350.00 per hour.

Subsequently Plaintiff has been retained by other clients and Plaintiffs' counsel has charged a lower rate. In March of 2008 client "Joseph" retained Plaintiffs' counsel services at a $100.00 rate. (See redacted Invoice for Client "Joseph"). Issues for client Joseph involved negotiations of a severance agreement and representation at a employer "hearing".

Also on very rare occasions (2-3 times per year) Plaintiff's counsel has been retained on pay-per-job agreements. Typically Plaintiffs' counsel will offer to review a severance agreement or advise on an unemployment compensation issue for a set-fee for a set period of time/task. For these clients, Plaintiffs' counsel does not track hours but estimates his rate of pay to be $100-300.00 per hour. As these are typically employees with no current income (persons on unemployment compensation) or with limited income and no near term job prospects (Severance agreements), and are very short term representations, thus Plaintiff counsel typically reduces his rate based on these factors and as a public service. (See Plaintiffs' counsel Affidavit)

Fees are calculated based upon market rates for the services rendered. **Blum v. Stepson**, 465U.S. 886,895 (1 984); **Small v. Richard Wolf Medical Instruments, Corp**., 264 F.3d 702,707 (7th Cir.2001). The reasonable hourly rate (or "market rate") for lodestar purposes is the rate that lawyers of similar ability and experience normally charge their paying clients for the type of work in question. **Harper v. City of Chicago Heists**, 223 F.3d 593,604 (7th Cir. 2000); **Small,** 264 F.3d at707. An attorney's billing rate for compensable work is significant evidence of market rate. **Moriaritv. SVEC**, 233 F.3d 955,965-66 (7" Cir. 2000)("lawyer's regular rate is strongly presumed to be the market rate for his or her services").

9

Thus Plaintiff believes that Plaintiff counsel billing at a rate of $350.00 per hour and a reduced rate billing for those of lesser means supports a billing rate of $300.00 per hour in this cause.

## --PRIOR WORK EXPERIENCES –
## PLAINTIFF COUNSEL LEGAL WORK AND FORMER BILLING
## --RATE FOOTE, MEYERS, MIELKE AND FLOWERS--

Plaintiffs' Counsel also supports his request for compensation rate partly based on the Plaintiffs' counsel former/prior billing rate as an Associate Attorney at the firm of Foote, Meyers, Mielke and Flowers in Geneva Illinois. The usual and customary rate for work performed for Foote, Meyers, Mielke and Flowers was three hundred and fifty ($350.00) dollars per hour. The Plaintiffs' Counsel work for this former firm was mostly the review documents in class action litigation and employment litigation practice. (Counsel affidavit ¶ 14)

**Reasonable number of Billable Hours**

**HOURS**

Attorney Ireland seeks compensation based on several relevant factors in this Cause.

1) Counsel is relatively new to solo practice thus has no staff, assistants nor associates.

2) the claims resulted in full and fair compensation to all Plaintiffs on all claims.

3) this compensation was likely in excess of that awarded at trial; thus clients received fully the benefits of counsel work.

4) This case presented specific risks which increased both the work required and the risk that said work would be unpaid.

5) The clients live in Texas and Florida thus the distant between clients and counsel increased the time and efforts required.

6) one of the Plaintiff's was very active in her communications with counsel and

7) the same client was on a medical leave from work from Defendant May at the time of initial filing and thus her subsequent return to work for Defendant May increased the time expended on that representation

8) this same employee is still an employee of Defendant May, thus has ongoing issues involving her work.

10

9) the ongoing work issue also has increased (and continues to increase) the amount of work time expended on representation of this client due to the issues related to the terms of the settlement agreement.

Where a plaintiff has obtained excellent results, the plaintiffs attorney should receive a fully compensatory fee for "all hours reasonably expended on the litigation." **Id**. at 435. The "fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit . . . the result is what matters." **Id.** Under **Henslev**, "a losing argument in support of a successful claim is fully compensable time," **Kurowski v. Kraiewski**, 848 F.2d 767, 776 (7th Cir.1988), and the only question is "whether [an attorney's] actions were reasonable." **People Who Care v. Rockford Bd. of Educ**., 90 F.3d 1307, 13 14 (7th Cir. 1996).

Here the Plaintiff prevailed and received full or nearly full compensation; thus no claim "failed".

A fee request should not be "eyeballed" and cut down by an arbitrary percentage based on a general impression that it may be excessive. **Small v. Richard Wolf Medical Instruments**, 264 F.3d702,708 (7th Cir. 2001). Rather, there must be a specific and clear basis for any reduction to hours on the basis that they are excessive, redundant or unnecessary. **Id**.

For a complete description and review of the Plaintiffs' counsel's work hours please refer to Exhibit Eight.

Plaintiffs' counsel describes and attests to the above information in his attached AFFIDAVIT in support of Plaintiffs' Application for Attorney Fees. (Attached as Exhibit 1). And time records (Attached as exhibit 8).

| | |
|---|---|
| Total Hours Expended on this Litigation | 76.1 Hours |
| Multiplied by the requested rate of $300.00 per hour | $22,830.00 |
| Total Requested Attorney Fee Petition as of May 10, 2010 | $22,830.00 |

Plaintiff counsel asks that these hours be reviewed based on a) extent that the party prevailed b) the nature of the controversy) c) the amount involved and the results obtained, d). Novelty and difficulty of the subject matter e) the skill and standing of the attorney in the legal community, f) adequacy of representation.

## . THE PLAINTIFFS' FEE REQUEST IS REASONABLE AND SUPPORTED BY THE RECORDS.

**The Time Records of Plaintiffs' Counsel Fully Document Representation Activities**

Time records should be sufficiently detailed to identify the activities engaged in and the time expended. **Hensley,** 461 U.S. at 437 & 11.12. However, "plaintiffs counsel, of course, is not required to record in great detail how each minute of his time was expended." **Id**. As the Seventh Circuit has observed, demands for excessive detail in fee records should be viewed skeptically:. . . . it is a little difficult to be patient with any lawyer's objection that challenges the sufficiency of another lawyer's billing entries such as 'preparation of fees and costs petition' and 'fee petition reply brief' and 'fee petition response' - entries that really do not call for a further breakdown in terms of particulars (if indeed any is possible). **Eirhart v. Libbey-Owens-Ford Co**., 996 F.2d 846, 851 (7th Cir. 1983). Here detailed records are provided for all claimed hours. It is likely that a number of additional hours could be claimed, however, due to the volume of communications from clients, counsel was unable to record all such communications and related time matters.

### Costs

Under Fed. R. Civ. P. 54(d), costs are allowed as a matter of course to the prevailing party. The costs that may be awarded pursuant to Rule 54(d) include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses;(4) fees for copies of any materials necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and certain interpreters. 28 U.S.C. § 1920.

This cause had only on cost; Filing fee of $350.00. (See email receipt for filing fee attached as Exhibit Seven).

### CONCLUSION

The plaintiffs are the prevailing parties in this litigation and as such are entitled to reasonable attorneys' fees under the provisions of rule 68 and/or the Fair Labor Standards Act. Congress views plaintiffs' counsel as private attorney generals, charged with the enforcement of

12

civil rights enforcement. In order to attract competent counsel and further the Congressional intent, appropriate and reasonable fees are to be awarded to prevailing plaintiffs' attorneys.

The fees requested for The Law Office of John C. Ireland are as follows:

John C. Ireland: $22,830.00

Costs: $350.00

For the foregoing reasons, these fees are fair and reasonable. As events as to the payment of settlement amounts demonstrate, additional legal work may/is still required on this matter, including the preparation on a brief involving the issue of Plaintiff Goodale's acceptance and/or payment to the other Plaintiffs. Accordingly, this fee petition will be appropriately updated.

Wherefore the Plaintiffs, by their attorney, requests entry of an order allowing for a finding against the Defendant for the amount of the Plaintiffs' Attorney Fees at a rate of $300.00 multiplied by the number of hours worked in the amount of 76.1 hours and Costs awarded in the amount of $350.00 or other just remedies as the court sees fit and just.

Respectfully submitted,

By:     -S- John C. Ireland

John C. Ireland

Attorney for the Plaintiffs
and the Plaintiff Class

The Law Office Of John C. Ireland
1921 Charles Lane
Aurora, Illinois 60505
630-464-9675   Facsimile 630-206-0889
attorneyireland@gmail.com