## **AFFIDAVIT OF JOHN C. IRELAND**

I, John C. Ireland , declare under oath and under penalty of perjury as follows:

1. I am the principal of my own law firm, The Law Office of John C. Ireland.

2. I was admitted to practice in the State of Illinois and the United States District Court for the Northern District of Illinois in November 2004.

   a. I worked as an Associate Attorney and Law Clerk for a Plaintiff's employment law firm for approximately 2 years prior to admission and worked as an Associate Attorney for approximately 6 months while awaiting results of the Illinois Bar Exam for the same firm.

3. I am a solo-practitioner and sole employee of the Law Office of John C. Ireland

4. I have spent the majority of my professional time in the field of civil rights and employment discrimination and, whenever necessary, litigation of those disputes.

5. I graduated from DePaul College of Law in 2004 and was admitted to the bar that same year, 2004. During my law school tenure, I externed for the Illinois Educational Labor Relations Board under the direction and tutelage of Helen Higgins Kelly and presented to the Board a substantial draft of the later published opinion in **Robert M.Watt v Southwestern Illinois College**.

6. I opened my own law practice in 2007 and have practiced law as The Law Office of John C. Ireland.

7. I have tried civil rights and employment discrimination cases involving public and private employers to verdict in the Equal Employment Opportunity Commission, the Circuit Court of Cook County and The Circuit Court of DuPage County.

8. Some of the various cases that I have been counsel on include:

    a.    **Clark v. Mulders Collision Centers**., which involved a minority owner "freeze out" and contract dispute. **Clark v Mulders** was tried before Judge Bonnie Wheaton in Circuit Court of DuPage. The case was mutually resolved during the trial.

    b.    **Arzet, et al., v Ludovice**, 05 M1 301970 (N.D. Ill.), which involved a personal injury claims of three Plaintiffs in an automobile accident which Complainant's counsel tried without assistance or aid. A verdict was rendered in favor of Defendant.

    c.    **Mark Wilson v. Potter,** *EEOC case Number* EEOC No. 440-2006-00174X, involved alleged violations of racial discrimination, and retaliation. This case was tried before Head Administrative Law Judge Herbert in the Chicago EEOC Office. The case Complainant's Counsel was the lead attorney and resulted in a verdict for the Defendant.

    d.    Prosecuted dozens of arbitrations via the mandatory arbitration program in Cook Co. including Kurian v. First Bank of Illinois, Lathan v. Pipkins, Picado v. Esparza, Bennett v. Willi, Hood v. Superior Ambulance Service, Epps v City of Chicago, Parmodo v. Wal,

    e.    Prepared for number of trials or arbitration including Apollo Video v American Signs; Thomas v Minge, McMurtry v. White, Eakin v. Horseshoe, McClendon v. Anderson, Lee v. VW

9. I am an active member in the Illinois State Bar Association (ISBA), and the National Employment Lawyers Association (NELA) and a participating member of the NELA's moot court program and legislative action committee.

10. I have attended seminars, speeches, and other continuing legal education events concerning civil rights, constitutional law, and employment discrimination on a regular basis

since graduating law school.

11. The vast majority of legal work for The Law Office of John C. Ireland is on a contingency fee basis with a very small number of paying clients on very limited periods of representation.

12. For the hourly paying clients for the Firm, I have billed and been paid at the rate of $350.00 per hour. The firm has also billed and been paid at the rate of $100.00-$200.00 for persons with reduced means of payment. I have also been retained on a limited pay-per-job type representation such unemployment appeals and review of severance agreements. For these matters I typically charge a onetime fee for a set task. I do not track hours, but strive to complete the work at a rate approximately in the range of $200.00 per hour.

    a. On rare occasions I offer to review a severance agreement or advise on an unemployment compensation issue for a set-fee for a set period of time/task. For these clients, I do not track hours but estimates my rate of pay to be $100-300.00 per hour.

        i. As these are typically employees with no current income (On unemployment compensation) or with limited income and no near term job prospects (Severance agreements), and are very short term representations, thus Plaintiff counsel typically reduces his rate based on these factors and as a public service.

13. I have checked the rates of various firms in Chicago who perform employment discrimination and civil rights and other general litigation work and find that they charge between $250.00 and $700.00 per hour for attorneys, depending upon the firm and the particulars of the individual attorney performing the work.

3

14. My former/prior billing rate as an Associate Attorney at the firm of Foote, Meyers, Mielke and Flowers was three hundred and fifty ($350.00) dollars per hour. My work for this former firm was mostly the review documents in class action litigation and employment litigation practice.

15. My work in this case has been impacted by a number of factors including"

   a. This case, while settling early, involved a disproportionate amount of time expended on this case: in three months there were four court appearances. Further, the representation involved three clients all of whom are not residents of Illinois (Florida and Texas). One client was (is) a current employee, had a medical leave, a return to work for Defendant and was very active in her communications.

   b. This case had additional efforts required due to Defendant May's strange and complex pay system and its interaction with FLSA law and DOL regulations which required more than normal pre-pleading, review and research and particular pleadings.

   c. Further, complicating this case was the Defendant's arbitration clause which required considerable pre-pleading, review and research and particular pleadings. Further representation began with only one client and increased three-fold. This expenditure is continuing forward as Plaintiffs still have not received their settlement compensation.

   d. This case impacted my consideration of taking of other cases, and delay in other cases as it appeared to require disproportionate amount of time. I have had to request a delay in a number of filings, for example I currently

       have three Right to Sue correspondence from the EEOC and I am deferring on filing until at least 60 days have pasted since issuance.

    e. It is my professional opinion that the vast majority of Illinois Attorneys due to the difficulties such as distance from clients, complexity of a FLSA misclassification claim and the arbitration clause.

16. In connection with my practice, I maintain contemporaneous time and expense records of all time expended on each case, with each time entry being made on or about the day the time is expended with a description of the character of the work performed.

17. I have checked the time records regarding this matter on the Petition for Attorney Fees and find the hours accrued by my firm up to 76.1. Attached as Exhibit 8 to the Petition is a list of the hours spent on this case by date incurred with a brief description of activities and the amount of time spent.

14. The work performed by me in this matter is accurately described on the billing records, attached hereto.

15. In preparation of the fee petition in this matter, I conducted a detailed review of the billing records to ensure that they accurately reflect the time reasonably spent on this matter.

Further Declarant sayeth not.

                                            _____-S-John C. Ireland_____
                                                        John C. Ireland

Dated: _____May 10, 2010_____