IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA J. GOODALE and HOWARD C. MCCLELLAN, individually and as the representatives of a class of similarly situated persons, <br><br> Plaintiffs, <br><br> vs. <br><br> GEORGE S. MAY INTERNATIONAL CO., <br><br> Defendants. | Case No. 09 C 7848 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On December 18, 2009, Lisa Goodale and Howard McClellan sued George S. May International Company (May) and unknown individual decision-makers under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b) and Illinois law, seeking unpaid wages and other relief. On March 25, 2010, May made an offer of judgment pursuant to Federal Rule of Civil Procedure 68(a). *See* Fed. R. Civ. P. 68(a). Plaintiffs accepted the offer on April 2, 2010. On April 7, 2010, the Court entered judgment in favor of plaintiffs and against May in the total amount of $35,000, plus reasonable attorney's fees and costs to be assessed by the Court. Plaintiffs have now petitioned for an award of attorney's fees and expenses.

### Background

Goodale resides in Texas and worked as a consultant for May, a management consulting firm. She attended a mandatory, week-long training program in Illinois and

periodically worked for May in Illinois.  Goodale alleged that May paid twenty dollars per day for incidental expenses during the week of training they received in Illinois but that it did not pay consultants wages for that time.  She also alleges that May misclassified her as an exempt employee, which deprived her of overtime pay and other benefits.  Attorney John Ireland represented Goodale when she filed this case against May on December 18, 2009.  Shortly thereafter, McClellan, a former consultant for May residing in Florida, retained Ireland to pursue similar claims.  On January 20, 2010, Goodale filed a first amended complaint, including McClellan as a plaintiff.

On March 16, 2010, Teresa Lorello contacted Ireland seeking representation on similar claims against May.  Ireland prepared an unopposed motion to amend the complaint to add Lorello to the action.  On March 23, 2010, May filed a motion to dismiss or, in the alternative, to stay and compel arbitration.  As indicated earlier, on March 25, 2010, May made an offer of judgment, and plaintiffs accepted the offer on April 2, 2010.  Because the parties' Rule 68(a) agreement included Lorello's claims, Ireland never filed the motion to amend that he had prepared.  The Court entered judgment in favor of plaintiffs on April 7, 2010.

In his fee petition, Ireland contends that he is entitled to a fee rate of $300 per hour for just over seventy-six hours of work, which amounts to $22,830 in attorney's fees, plus $350 in expenses.  May argues that the Court should deny Ireland's fee petition altogether.  Alternatively, it objects both to Ireland's proposed hourly rate and the attorney time he claims.

**Discussion**

The FLSA provides "prevailing plaintiffs . . . reasonable attorneys' fees." *Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 893 (7th Cir. 2001). May's offer of judgment also entitles Ireland to attorney's fees. To determine attorney's fees under the FLSA, courts "will generally follow the 'lodestar' approach, multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001).

**A.     Entitlement to fees**

May contends that plaintiffs' victory was purely technical or *de minimis* and thus Ireland is entitled to no fee. The Court disagrees. May bases its argument on *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241 (11th Cir. 2009), and *Cartwright v. Stamper*, 7 F.3d 106 (7th Cir. 1993). The court in *Sahyers* determined that the attorney made no effort and "slavishly followed his client's instructions." *Sahyers,* 560 F.3d at 1245. By contrast, the record in this case clearly reflects that Ireland invested time and effort into this matter for which he should be compensated. And unlike in *Cartwright*, the plaintiffs in this case did not merely recover nominal damages after seeking a substantial award. In sum, there is no basis to deny Ireland attorney's fees altogether.

**B.     Hourly rate**

An attorney's reasonable hourly rate must reflect his market rate, "defined as the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Small*, 264 F.3d at 707 (internal quotation marks and citation omitted). The fee applicant bears the burden of proving his market

rate. His own billing rate for comparable work can serve to help satisfy his burden. *Id.* If the court cannot determine the attorney's market rate because he "maintains a contingent fee or public interest practice," the applicant may prove his billing rate "by submitting affidavits from similarly experienced attorneys attesting to the rates they charge paying clients for similar work, or by submitting evidence of fee awards that the applicant has received in similar cases." *Id.*

As indicated earlier, Ireland contends that he is entitled to a fee rate of $300 per hour. In support, he has submitted his own affidavit and affidavits from other attorneys who, like him, practice from the suburbs of Chicago.

Ireland has practiced law since 2004; he opened his own law firm in 2007. He concentrates on civil rights and employment discrimination matters. Ireland works mostly on a contingency fee basis but sometimes bills low-income clients at rates of $100 to $200 per hour. He also sometimes provides services for a fixed fee, which he estimates breaks down to an effective rate of $100 to $300 per hour depending on the engagement. Ireland states that based on research of the rates of other law firms in Chicago, most attorneys performing employment discrimination, civil rights, and other litigation work charge between $250 and $700, depending on the attorney performing the work. He has provided documentation of a fee award to attorneys in another FLSA matter at hourly rates of $300 and $375. Ireland has also provided a decision by the Illinois Human Rights Commission awarding him fees at a $200 hourly rate.

Ireland lists a number of factors that he contends made this case more complicated than most FLSA cases: his clients were not Illinois residents; May's pay

4

system was complex and unusual; additional work was required due to an arbitration provision in May's employment contracts; and the case affected his ability to take on other work.

Besides Ireland's own affidavit, he has submitted affidavits from attorneys Jessica Hill and Elissa Hobfoll. Hill (like Ireland) has practiced law since 2004; she currently charges $275 per hour for employment matters. She states that she is familiar with Ireland's work and contends that the $300 per hour rate he requests is commensurate with the rates of other litigators in their community. Hobfoll has practiced law since 2005 and also works on employment law matters. Her hourly rate is $300. She states that she is familiar with Ireland's work. According to Hobfoll, a $300 per hour rate for this litigation is below market rates generally charged by attorneys with Ireland's background and experience.

Ireland's own affidavit, together with those of two of his peers, adequately supports his fee petition. *See Harper v. City of Chicago Heights,* 223 F.3d 593, 604 (7th Cir. 2000) ("While an attorney's self-serving affidavit alone cannot establish the market rate for that attorney's services, such affidavits in conjunction with other evidence of the rates charged by comparable lawyers is sufficient to satisfy the plaintiffs' burden.").

Once an attorney has met his burden with "evidence establishing his market rate, the burden shifts to the defendant to demonstrate why a lower rate should be awarded." *Batt*, 241 F.3d at 894 (internal quotation marks and citation omitted). May contends that Ireland's actually-charged hourly rates support only a $100 per hour rate. It also contends that the affidavits submitted on Ireland's behalf are insufficient to support a

5

$300 per hour rate because neither affiant has explained how she is familiar with Ireland's work. The Court disagrees. First, Ireland has clarified in his reply that he has worked closely with Hill in the past. Second, the law simply requires a fee petitioner to submit affidavits from lawyers with comparable experience who practice in the same market. *See, e.g., Batt,* 241 F.3d at 894; *Small,* 264 F.3d at 707; *Harper,* 223 F.3d at 604. Ireland met this requirement.

May argues that the fee award for other counsel that Ireland submitted does not support a $300 per hour rate for him because the attorney in that case is four years more experienced than him. Ireland concedes this but claims the present case is more complex than that one.

This Court is tasked with "arriv[ing] at its own determination as to a proper fee" by both "consider[ing] submitted evidence of the hourly rates of attorneys with comparable experience [and] . . . determin[ing] the probative value of each submission." *Small,* 264 F.3d at 707 (internal quotation marks and citation omitted).

The affidavits Ireland submitted from other attorneys describe fee rates for employment discrimination, civil rights, and other general or employment litigation work, not what an attorney with Ireland's experience earns on FLSA cases. Courts in this district have determined that "[h]ourly rates awarded in non-FLSA . . . cases are not particularly relevant as evidence of . . . the reasonable hourly rate . . . at the prevailing market rate for attorneys engaged in FLSA work." *Id.* Specifically, "[j]udges in the Northern District have . . . noted that FLSA cases are less complex than Title VII and other employment-related civil rights litigation." *Id.; see also, Holyfield v. F. P. Quinn &*

*Co.,* No. 90 C 507, 1991 WL 65928, at *1 (N.D. Ill. Apr. 22, 1991) ("[I]ssues under the FLSA are not unusually complicated or beyond the capacity of an attorney of average ability.").

Although Ireland contends that this was unusually complex, the Court disagrees. The circumstances he cites did not make this case more complicated than the norm (issues regarding arbitration, in particular, are increasingly common in all sorts of employment litigation). At the same time, however, the Court is unpersuaded that the highly discounted rates Ireland charges to paying, low-income clients amount to his market rate for the type of litigation involved in the present case.

The Court finds that the practice and experience levels of Hill and Hobfoll are commensurate with that of Ireland. But because this matter does not involve a complex employment law issue, the Court awards Ireland a fee rate of $275 per hour, the low end of the range established by their affidavits.

**C.     Hours worked**

Once a court has established an attorney's appropriate hourly rate, it next assesses the attorney's time entries and "exclude[s] hours that are 'excessive, redundant or otherwise unnecessary.'" *Small,* 264 F.3d at 708 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). A court may not arbitrarily cut a fee request; "a concise but clear explanation of its reasons for any reduction" is required. *Id.*

May has objected to the time claimed by Ireland in several respects. It has submitted a chart cataloguing its objections. The Court refers to line items from that chart at various points in the discussion that follows.

7

### 1. Time worked before fee agreements were concluded

May argues that Ireland is not entitled to recover fees for work he completed prior to entering into a formal attorney-client relationship with the plaintiffs. Ireland conducted factual research before he entered into representation agreements. That, however, was work Ireland needed to do to move forward with the case. If he had not done it before executing agreements with his clients, he would have had to do it after that point. May does not dispute that these time entries would have been compensable had Ireland conducted the work after entering into a formal attorney-client relationship. The Court rejects May's argument that this time is not properly compensable.

### 2. Clerical work

May next argues that Ireland improperly included clerical and administrative tasks in his fee petition. It relies on *Baltz v. County of Will*, No. 84 C 2198, 1990 WL 140991 (N.D. Ill. Sept. 27, 1990), to support its contention that an attorney may not bill at an attorney's rate "for typing, copying, filing and the like." *Id.* at *2. Ireland claims he has not billed any time to clerical tasks and further notes that because he is a sole practitioner, his practice is distinguishable from that of the attorney in *Baltz*.

After reviewing the 207 time entries thoroughly, the Court has concluded that the fee petition in fact includes entries for work properly characterized as administrative or clerical. Ireland is not entitled to be paid for this work at the hourly rate of an attorney. Rather, the Court will award compensation for this time at the rate a paralegal would charge. Based on the Court's prior experience, a $75 hourly rate is appropriate in this regard.

The Court disagrees with May's characterization of some entries as clerical. Time entries to be compensated at the paralegal rate include the following: all non-substantive e-mails (setting lunch plans, e-mailing and receiving documents, coordinating times to discuss, etc.); downloading and uploading filings; communications with clients regarding fees and hours worked; facsimiles sent and received; and e-mails largely confirming information with clients.[1]

### 3. Excessive or duplicative time entries

The Court must decide whether the time an attorney claims is excessive or duplicative. *Batt,* 241 F.3d at 894 ("[P]laintiff's counsel should exclude from his or her request excessive, redundant or otherwise unnecessary expenses."). Specifically, "[h]ours that an attorney would not properly bill to his or her client in the private sector cannot properly be billed to the adverse party under a fee-shifting statute such as the FLSA." *Id.* at 893-94. When an attorney is not careful to exclude or otherwise tailor unreasonable entries, "the district court may reduce the number of hours accordingly." *Id.*

The Court has identified a few entries that are either duplicative or unnecessary. For instance, Ireland charged time three days after a status hearing for downloading and reviewing a document he had filed thirteen days prior. The Court will not award fees for that time entry, as he must have reviewed the document prior to filing it with the Court a

---

[1] The line items from May's chart that the Court regards as clerical or administrative tasks are: 24, 26, 27, 33, 39, 42, 44 (0.1 hours of this time entry involved refiling a document, the remainder is to be allocated to edits of pleadings), 46, 47, 52, 53, 65, 66, 67, 71, 72, 73, 76, 77, 89, 125, 149, 150, 162, 163, 165, 170, 171, 172, 173, 175, 177, 178, 179, 197, 198 (this entry is reduced to 0.1 hours, as it involves an e-mail that Ireland never managed to open), 200.

short time earlier, and there is no indication that he needed to re-review it. In addition, Ireland made a time entry for downloading and reviewing a judgment order and a separate entry for downloading and reviewing a motion to dismiss order. These entries are likely referring to the same order, however, because once the Court entered the judgment order it did not enter a separate motion to dismiss order. Therefore, the Court also excludes one of these entries as duplicative of the other.[2]

May argues that the time Ireland has claimed for drafting his fee petition (16.4 hours) is excessive because it amounts to about twenty percent of the total time he has claimed. This figure includes the time he spent speaking with other attorneys to obtain the affidavits he submitted in support of the petition. In *Small*, the Court noted that twelve hours for the fee petition appeared excessive "given that th[e] court recently affirmed a reduction from 9.9 hours to 1.6 hours for time [the same attorney] spent preparing a fee petition in a similar FLSA case." *Small,* 264 F. 3d at 708; *see also Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 411 (7th Cir. 1999) (noting that "1.6 hours billed to the preparation for an award of attorney's fees was reasonable in light of the approximately 140 hours of time that the attorneys spent litigating the merits of the case.").

The Seventh Circuit stated in *Small* that although some cases have "settled on 1.6 hours for preparing a request for attorney's fees, that is not an automatic fixed rate for such a request." *Small,* 264 F.3d at 708. Because this is Ireland's first fee petition filed with a court, it is reasonable to grant him a greater deal of leeway. In addition, because Ireland did not have an established market rate or an established court-awarded rate, he

---

[2] Time entries excluded as duplicative or unnecessary are the following line numbers: 51, 169.

needed to obtain the affidavits from Hill and Hobfoll to have a reasonable chance of prevailing. Taking these circumstances into account on the one hand along with the relative simplicity of the petition on the other, the Court will allow 4.8 hours for this activity.

There are a couple of additional entries the Court also finds excessive. Ireland claimed a half hour of time for reviewing an order that was four lines long. The Court reduces this entry, line eighty-three, to 0.1 hours. The Court also finds that line item 194 is excessive. In that entry, Ireland notes that it took him approximately thirty-six minutes to research the "offer of judgment effective date." The Court reduces this to 0.3 hours.

### 4. Non-contemporaneous billing

May objects to various time entries on the ground that Ireland did not maintain contemporaneous time records. "Th[e] use of reconstructed records does not doom [Ireland's] petition . . . . However, . . . it is within a district court's power to reduce a fee award because the petition was not supported by contemporaneous time records." *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000).

In his reply, Ireland states that the entries May cites were made within two days and thus are contemporaneous enough. May objects to a number of other entries on similar grounds, but Ireland provides no explanation for them. There are also some entries that do not appear to be associated with a date.

To the extent that any of the entries were not contemporaneously recorded, Ireland appears to have taken care in reconstructing them, given the amount of time he claims to have spent drafting the fee petition. Because the Court has significantly

11

reduced the time Ireland can recover for drafting the fee petition, it has sufficiently reduced the fee award for failure to maintain contemporaneous time records.[3]

### 5. Unrelated entries

A court has "no authority to order a defendant to pay fees for time spent on matters unrelated to the issues on which plaintiff prevailed, [however,] efforts on matters related to the plaintiffs' success are compensable." *Gautreaux v. Chicago Housing Auth.*, 491 F.3d 649, 661 (7th Cir. 2007). May argues that several time entries, including those for post-judgment correspondence, are unrelated to this matter.

The Court has carefully reviewed each of Ireland's entries, including the specific entries to which May objects. Time spent on post-judgment correspondence is recoverable only if it is "related to the plaintiffs' success." *Id.* The Court finds that entries concerning settlement agreement drafts are recoverable. Some post-judgment attorney-client conversations, however, appear to be unreasonable or unrelated to the present matter. For instance, Ireland explains that Goodale was "active in her communications."

---

[3] May also argues that Ireland's time entries are inherently unreliable and proposes abandoning the fee petition altogether and awarding Ireland what he would have recovered on a contingent fee basis. In *Baltz*, the court chose to disregard the fee petition and awarded the attorney thirty percent of the recovery, which is what he would have earned as a contingent fee. *Baltz,* 1990 WL 140991, at *2. After considering the public interest underlying the FLSA, however, the court doubled the attorney's total fees. *Id.* In the present case, the fee Ireland seeks is about sixty-five percent of the plaintiffs' recovery. Thus were the Court to adopt the *Baltz* approach, it would affect Ireland's request only minimally. In any event, the Court does not find Ireland's time records to be inherently unreliable.

The Court also disagrees with May's characterization of the time entries as impermissibly vague. Examples of vague time records in the case that May cites are: "'[m]iscellanous matters;' 'meetings; telecons; investigation of facts,' and 'various pending matters.'" *Shakman v. Democratic Org. of Cook County,* 634 F. Supp. 895, 900 (N.D. Ill. 1986). Ireland's descriptions provide more detail than this.

Pl's Br. 5. It appears from this and Ireland's time records that Goodale called him frequently and demanded a lot of attention. The Court has carefully examined the entries for communications between Ireland and his clients after April 7, 2010, the date on which the Court entered the judgment. The Court will not award Ireland fees for phone calls concerning Goodale's status and health, subsequent layoffs by May, and possible expenses that Goodale incurred that May never reimbursed.[4]

The Court finds that, with a few exceptions, most of the remaining time entries are related to this action. For instance, Ireland's travel time to the courthouse is reimbursable in the calculation of attorney fees. *See, e.g., Stark v. PPM Am., Inc.,* 354 F.3d 666, 674 (7th Cir. 2004). Other entries concerning whether to involve co-counsel and legal advice offered to Goodale amount to strategic discussions concerning the litigation and are therefore, properly compensable.

There are a few other entries, however, the Court finds are unrelated to this action. Based on the time entry descriptions, it seems that Goodale had other claims against May. It is unclear whether these claims were related to the present matter. For that reason, the Court will exclude those entries as unrecoverable. In addition, it appears that Goodale negotiated a new employment contract with May. Because the entries associated with that work did not contribute to the final result in this case, the Court excludes them as unrelated.[5]

---

[4] The following "post-judgment" line items are excluded on this basis: 167, 184, 185, 186, 194, 199, 203, 205.

[5] The following entries are excluded as unrelated: 88, 104, 158, 159, 160.

**Conclusion**

For the foregoing reasons, the Court grants plaintiffs' fee petition in part [docket no. 32] and awards plaintiffs' attorney John Ireland $16,100. This consists of attorney's fees of $15,750 – 56.1 hours (51.3 + 4.8 for the fee petition) at a rate of $275 per hour and 4.3 hours at a rate of $75 per hour – and $350 for costs.

                                                MATTHEW F. KENNELLY
                                                United States District Judge

Date: July 14, 2010